FILED

2006 APR 27 PM 4:41

RICHA...
CLERK
U.S. DISTRICT COURT
N.D. CA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY NATIVIDAD,<br><br>    Plaintiff,<br><br>v.<br><br>JOE McGRATH; et al.,<br><br>    Defendants. | No. C 03-2363 TEH (pr)<br><br>**ORDER GRANTING MOTION TO LIFT STAY; REOPENING CASE, DENYING EXTENSION; DENYING MOTION FOR COUNSEL AND INSTRUCTIONS TO THE CLERK**<br><br>(Docket Nos. 46, 47, 48) |

    After this Court denied Defendants' motion to dismiss the petition for failure to exhaust administrative remedies, Defendants sought leave to file an interlocutory appeal and this Court administratively stayed proceedings pending resolution of the appeal. The Ninth Circuit has now upheld the Court's denial of the motion to dismiss and the mandate has issued. Plaintiff has filed a motion seeking to reopen the case (docket no. 47). Plaintiff's motion is granted (docket no. 47). The stay is lifted and the Clerk is directed to reopen this matter.

    On September 20, 2004, after this Court entered the stay, the Court advised Plaintiff that he should continue to gather the needed information for his amended complaint because he would be expected to file it shortly after the appeal was decided. Almost two years have passed since the case was stayed and Plaintiff has now filed a motion seeking an extension of 120 days in which to file an amended complaint. Plaintiff maintains that he is attempting to determine the identities of additional Defendants for the amended complaint. Plaintiff's motion is DENIED, as Plaintiff has

had close to two years to determine the identity of the additional Defendants he seeks to add to this action (docket no. 46). Plaintiff is granted leave to file an amended complaint within **thirty (30) days** of the date of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the Court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

If Plaintiff does not know the identities of the additional individuals he seeks to add in the amended complaint at that time, Plaintiff may use "Doe" defendant designations to refer to defendants whose names are unknown to him. However, he must number them, e.g., John/Jane Doe #1, John Doe # 2, etc. so that each numbered Doe refers to a specific person. Plaintiff may not refer to Defendants as a group. Plaintiff must also specify what each individual Defendant, either named or "John Doe" Defendants did which gives rise to liability in this action.

Although the use of "John Doe" to identify defendants is acceptable to withstand dismissal of the complaint at the initial review stage, Plaintiff is cautioned that using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Plaintiff must promptly take steps to discover the names of the unnamed defendants and provide that information to the court in an amendment to his pleading. The burden remains on the Plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants. Plaintiff will be provided with 120 days in which to file a supplemental pleading informing the Court of the identity of the Doe Defendants. Failure to timely file such a pleading will result in the dismissal of these Defendants

without prejudice.

Plaintiff has also filed a second motion seeking appointment of counsel (docket no. 48) and asserts that he is unable to pursue necessary investigation in this matter. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc).

The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); Rand, 113 F.3d at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id. Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused, and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel); Wilborn, 789 F.2d at 1331 (that plaintiff may well have fared better with assistance of counsel not enough).

Here, exceptional circumstances requiring the appointment of counsel are not evident. Based on the record before it, the Court is not able to determine that there is a likelihood of success on the merits and the complaint does not raise particularly

3

difficult legal claims.  Natividad's request for appointment of counsel is DENIED (docket no. 48).

IT IS SO ORDERED.

Dated: 4/27/06

THELTON E. HENDERSON
United States District Judge