IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY NATIVIDAD,  )  No. C 03-2363 TEH (PR)
         Plaintiff,  )
                               )  **ORDER OF DISMISSAL AND**
  v.  )  **INSTRUCTIONS TO THE CLERK**
                               )
JOE McGRATH; et al.,  )
         Defendants.  )
_____  )

      On April 27, 2006, this Court reopened Plaintiff's case on his own motion, and provided Plaintiff with thirty days in which to file an amended complaint in this civil rights action. Since that time, Plaintiff has neither filed an amended complaint nor contacted the Court to request an extension of time to do so.

      As of April 27, 2006, Plaintiff's case had been administratively stayed in this Court pending resolution of Defendants' appeal, after this Court's earlier denial of Defendants' motion to dismiss the petition for failure to exhaust administrative remedies, where Plaintiff's inmate administrative appeal was denied as untimely at the highest level of administrative review. On July 18, 2005, the Ninth Circuit upheld this Court's denial of the motion to dismiss based on recent Ninth Circuit precedent in the case of Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005). However, since that time, the United States Supreme Court has reversed the holding of the Ninth Circuit in Ngo and decided that the Prison Litigation Reform Act's ("PLRA") exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006). In Woodford, the Supreme Court held that the PLRA exhaustion requirement requires "proper exhaustion".

1   Id. at 2387.  "Proper exhaustion demands compliance with an agency's deadlines and
2   other critical procedural rules because no adjudicative system can function effectively
3   without imposing some orderly structure on the course of its proceedings."  Id. at 2386.
4   (footnote omitted).  In this case, Plaintiff had only attempted to administratively exhaust
5   his claims after this Court dismissed an earlier-filed complaint in Case No. C 02-4634
6   TEH (PR), in which Plaintiff conceded that he had not exhausted his claims through the
7   administrative appeals process.  In the instant case, Plaintiff conceded in his complaint
8   and in opposition to the motion to dismiss that his administrative appeal to the highest
9   level of review had been denied as untimely.  See, Complaint at 9; Opposition to Motion
10  to Dismiss at 3-4; Exhibit A in Support of Opposition.

11       Based on the Supreme Court's decision in Woodford, this Court's earlier
12  determination to deny Defendants' motion to dismiss must be reversed.  As such, the
13  motion to dismiss is GRANTED and Plaintiff's case dismissed for failure to properly
14  exhaust his prison administrative remedies before filing suit.  The Clerk shall close the
15  file and enter judgment in this matter.

17  SO ORDERED.

19  Dated:   August 8, 2007

             THELTON E. HENDERSON
             United States District Judge